J-S15021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES RICHARDSON | : | |
| | : | |
| Appellant | : | No. 1275 EDA 2021 |

Appeal from the PCRA Order Entered June 8, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0310462-2003

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 7, 2022**

James Richardson (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand for further proceedings.

In 2004, Appellant was tried by a jury (with co-defendants Jamaar Richardson, Lavar Brown, and Christopher Kennedy) of murder and related crimes.  ***See Commonwealth v. Kennedy***, 959 A.2d 916, 918 (Pa. 2008). The jury convicted Appellant of second-degree murder, and the trial court sentenced Appellant to life in prison without the possibility of parole.  ***See Commonwealth v. Richardson***, 927 A.2d 627 (Pa. Super. Mar. 16, 2007) (unpublished memorandum), ***appeal denied***, 934 A.2d 73 (Oct. 4, 2007).

Appellant filed a first, unsuccessful PCRA petition on October 26, 2007. ***See Commonwealth v. Richardson*** 990 A.2d 52 (Pa. Super. Dec. 3, 2009) (unpublished memorandum), ***appeal denied***, 23 A.3d 541 (Pa. June 13,

2011).  On May 28, 2019, Appellant filed a second PCRA petition invoking the governmental interference and newly discovered fact exceptions to the PCRA's time bar.   42 Pa.C.S.A. § 9545(b)(1)(i)-(ii).   Appellant claimed the Commonwealth violated **Brady v. Maryland** 373 U.S. 93 (1963), by failing to disclose favorable treatment it gave to a trial witness in her unrelated felony case, in exchange for her testimony at Appellant's trial.  On April 14, 2021, the PCRA court issued notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  The PCRA court dismissed the petition as untimely on June 8, 2021.  Appellant timely appealed.

On February 25, 2022, Appellant filed an application for remand with this Court.  Appellant averred that after the PCRA court dismissed his petition, the Commonwealth

> disclosed its files to [Appellant,] prompted in part by **Brady** litigation in the case of [Appellant's] co-defendant[.  Thereafter, Appellant's] counsel identified previously undisclosed evidence corroborating not only [the witness's] lenient treatment in exchange for her trial testimony, but also revealing additional violations of **Brady** … and **Napue v. Illinois**, 3[60] U.S. [264] (1959).

Application for Remand, 2/25/22, at ¶ 4.

This Court denied the application without prejudice, advising that Appellant could re-raise the remand issue before the merits panel.  Order, 4/8/22.  Appellant filed a second request for remand on May 6, 2022. Appellant asserts "extraordinary developments pertaining to [his] case" necessitate "further factfinding."  Application for Remand, 5/6/22, at ¶ 7.

Appellant claims remand will "allow the PCRA court to fully consider all of the facts and evidence," and serve the interest of judicial economy.  *Id.* at ¶ 8.

The Commonwealth does not oppose remand.  *See* Commonwealth Brief at 10.  Referencing Appellant's co-defendant, Lavar Brown, the Commonwealth concedes "***Brady*** violations occurred during the defendants' joint trial."  *Id.*  The Commonwealth states,

> in the interest of transparency and judicial economy, given the similarity of [Appellant's] ***Brady*** claim to those the Commonwealth has already independently investigated and acknowledged with respect to co-defendant Brown, the Commonwealth does not oppose a remand for an evidentiary hearing to allow the record to be supplemented before the PCRA court.

*Id.* at 16.

Consistent with the foregoing, we grant Appellant's request for remand.  ***See generally Commonwealth v. Dennis***, 950 A.2d 945, 969 (Pa. 2008) (holding remand was warranted for PCRA court to review in first instance appellant's claims that Commonwealth suppressed material evidence in violation of ***Brady***).  Accordingly, we vacate the PCRA court's order dismissing Appellant's PCRA petition and remand for further proceedings.

Motion for remand granted.  Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2022